## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY B. WOMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15CV601 |
| | § | |
| RUSTIN P. WRIGHT | § | |
| | § | |
| Defendant. | § | |

## ORDER REGARDING THIS COURT'S JURISDICTION

Rustin P. Wright removed this matter to this Court on September 3, 2015. Wright has argued that removal is proper under 28 U.S.C. § 1443. Ashley Womack has filed a motion seeking to remand the case, arguing this Court lacks jurisdiction over any claims here. *See* Dkt. 17.[1]

Until the Court addresses the pending motion to remand, the motions filed by Rustin P. Wright (Dkts. 2, 10, 13, 15, 16 and 18) are premature and DENIED without prejudice. The Court must first determine whether it has jurisdiction over any of the removed claims here before it can proceed. The removing party (in this case, Rustin P. Wright) has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

The Court cautions the parties that its removal jurisdiction is determined by the state court pleadings at the time of removal. That a defendant chooses to construe a suit as a violation of his

---

[1]The Court notes that the originally filed motion to remand, Docket Entry 11, was rendered deficient by the Clerk's office, and has since been re-filed.

civil rights or seeks to bring affirmative claims alleging a federal question does not confer subject matter jurisdiction. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.") (internal quotations omitted).

If the Court determines that it has jurisdiction over this case, Rustin P. Wright may re-urge any appropriate relief.

The Court further notes that the removing party and Defendant/Respondent in the state court action, Rustin P. Wright, has filed many pleadings in this action identifying himself as the Plaintiff herein. Wright has also filed a "Verified Complaint" asserting affirmative claims against Ashley B. Womack and others. Such is not appropriate because he is not the plaintiff here, and the Verified Complaint, Docket 12, shall be STRICKEN from the record.

If Wright seeks to bring independent claims against any individuals, including Womack, he may file a separate civil action in a court of appropriate jurisdiction, or, if the Court determines that it has jurisdiction over the claims in this removed action, he may file any appropriate counterclaims.

Until the Court addresses the motion to remand and only if there is a specific order re-aligning the parties, however, Wright shall remain the Defendant in this action and Ashley B. Womack shall remain the Plaintiff and all pleadings filed shall so indicate in their style and body.

*Until the Court issues a ruling on the motion to remand, no further motions or materials shall be filed unless they relate to the pending motion to remand.*

**SO ORDERED.**

**SIGNED this 19th day of October, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE