# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY B. WOMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15CV601 |
| | § | |
| RUSTIN P. WRIGHT | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Remand (Dkt. 17) and Defendant's response.[1] Having reviewed the record before it, the Court finds that Defendant has not established proper removal jurisdiction and this case should be remanded.[2]

On September 3, 2015, Defendant Rustin P. Wright removed this case from the Sixth Judicial District Court of Lamar County, Texas to this Court. Although the complete state court record is not before the Court, the removed proceeding is a family law matter between two Texas parties involving child custody/visitation and child support.

---

[1]Although no response was filed to the amended motion to remand, the Court has considered Defendant's response to the originally filed motion to remand which was rendered deficient by the Clerk of Court and refiled as the underlying motion. *See* Dkt. 14.

[2]The Court notes that Rustin P. Wright filed a Notice of Interlocutory Appeal in this matter on November 4, 2015. *See* Dkt. 20. He did not request a stay of the underlying proceedings; thus, the Court proceeds with its recommendation of remand. *See* FED. R. APP. P. 8.

1

In his notice of removal and related pleadings, Defendant Rustin P. Wright claims to be continuously and systematically harassed by Lamar County and the related court administration systems, alleging they repeatedly violated his most basic due process rights, by willfully, knowingly, and intentionally conspiring in various commissions of criminal acts and behaviors and intentionally conspiring to aid and abet grand scale larceny.[3] Furthermore, Defendant claims that the state violated his civil rights when it awarded rights over the minor child on the basis of blatant gender discrimination, violating equal protection of the law and equal privileges and immunities. Defendant alleges rubber-stamping by Lamar County courts of meritless, frivolous actions filed by Plaintiff Ashley B. Womack and seeks civil damages, ranging from $110,000 to $130,000 for deprivation of parent-child relationship.

In her motion, Plaintiff seeks to remand this case, arguing that Defendant lacks the proper grounds to remove this matter to federal court. Plaintiff also seeks to be awarded her costs and attorney's fees, incurred as a result of this removal under 28 U.S.C. § 1447(c).

A court must ensure there is subject matter jurisdiction over a removed action. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). To determine whether federal jurisdiction is proper, the court looks to the state court record at the time of removal. *Manguno*, 276 F.3d at 723. Because the removal statute should be construed strictly in favor of remand, any ambiguities are construed

---

[3] Although Rustin P. Wright, filed several pleadings in this action identifying himself as the Plaintiff in this matter, he is the Defendant/Respondent in the state court action and treated as such herein.

against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Defendant argues that his removal of this family law proceeding is proper under 28 U.S.C. § 1443. Under 28 U.S.C. § 1443, a party may remove a case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). To properly remove a state court action under Section 1443, the removing party must show that both "(1) the right allegedly denied him arises under a federal law providing for a specific right to *racial equality*; and (2) that he is being denied or cannot enforce the specified right in the state courts due to some formal expression of law." *Muhammad v. Muhammad*, 78 Fed. App'x 942, 943 (5th Cir. 2003) (citing *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)) (emphasis added). "Because the first prong of this test demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively, broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). Removal under Section 1443 is thus very narrowly construed "to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *JPMorgan Chase Bank, N.A. v. Innes*, 2013 WL 5972407, at *2 (W.D. Tex. 2013).

For this reason, a defendant's claim that trying a suit in state court "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice" for removal under Section 1443. *Cabello v. Texas*, 71 F.

3

App'x 315, 316 (5th Cir. 2003) (per curiam) (unpublished) (quoting *Johnson*, 421 U.S. at 219); *see also Goetz v. Craig & Heallen LLP*, 2007 WL 836916, at *1 (S.D. Tex. 2007) (complaints of general violations of due process rights by the state court fail to satisfy the applicable standard of racial equality under 28 U.S.C. § 1443). And, because a party removing pursuant to Section 1443 must establish that his civil rights were violated due to race, "conclusory allegations that state court officials conspired to deprive him of certain non-race-related civil rights, including freedom of association and due process of law" will not suffice for removal under Section 1443. *Muhammad*, 78 Fed. App'x at 943. Similarly, general statements about the denial of civil rights based on socioeconomic status, rather than race, is insufficient for removal under Section 1443. *Hibernia Nat. Bank v. Robinson*, 67 Fed. App'x 241, *2 (5th Cir. 2003).

In this case, Defendant fails to establish proper subject matter jurisdiction to remove Plaintiff's case. Although Defendant references and makes general statements about the denial of civil rights based on violations of constitutional, due process, and equal protection rights, as well as gender discrimination, he fails to allege that his rights under a statute protecting racial equality are denied by law. *See Robinson*, 67 Fed. App'x at *2. That a defendant chooses to construe a suit as a violation of his civil rights or seeks to bring affirmative claims alleging a federal question does not confer subject matter jurisdiction in this Court. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.") (internal quotations omitted).

As explained by the United States Supreme Court:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court ... Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28, 86 S. Ct. 1800, 16 L. Ed.2d 944 (1966) (citations omitted). There is no such showing here, and Defendant has not satisfied the first prong for removal under Section 1443.[4]

Because Defendant has failed to establish subject matter jurisdiction to remove this state court action, this case should be remanded to state court. If Wright seeks to bring independent claims against any individuals, including Womack, he may file a separate civil action in a court of appropriate jurisdiction.

The Court next turns to Plaintiff's request for an award of fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorneys' fees when a motion to remand is granted is neither mandatory nor carries a strong presumption in favor of or against awarding attorneys' fees. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 136-141 (2005).

---

[4]The Court also notes that Defendant has not shown that he is being denied or cannot enforce any specified right in the state courts due to some formal expression of law in satisfaction of the second prong needed to remove a case under Section 1443.

The standard for awarding attorney's fees under § 1447(c) should be determined on "the reasonableness of the removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 136-141 (2005). *Id*. at 141 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). When determining whether a court should award attorney's fees and costs after a motion to remand is granted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

The Court declines to find that Defendant, who is proceeding *pro se* in this matter, lacked an objectively reasonable basis for seeking removal.[5] Therefore, the Court finds that no attorney's fees should be awarded.

For these reasons, the Court recommends that Plaintiff's Motion to Remand (Dkt. 17) be GRANTED in part and DENIED in part, that this case be remanded to the Sixth Judicial District Court of Lamar County, Texas and that Plaintiff's request for an award of fees be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the

---

[5]This is not to be construed as a finding that fees cannot be awarded against a *pro se* Defendant for improper removal. The Court merely finds that, in this case, given the statutory language and the rather complex case law narrowly interpreting it, Defendant's *pro se* status is relevant in its fee determination.

proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE