**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY B. WOMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15CV601 |
| | § | (Judge Clark/Judge Bush) |
| RUSTIN P. WRIGHT | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER REMANDING CASE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 22, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Remand (Dkt. # 17) be GRANTED in part and DENIED in part, that this case be remanded to the Sixth Judicial District Court of Lamar County, Texas and that Plaintiff's request for an award of fees be denied.

On February 24, 2016, *pro se* Defendant Rustin Wright filed objections to the report (*see* Dkt. # 23). On that same date, Defendant filed documents titled "Notice of Constitutional Questions to Federal Statute 28 U.S.C. 1443" and "Notice of Constitutional Question to EDTX Local Rule CV-81"(*see* Dkt. ## 24 & 25).[1]

---

[1] Defendant also filed a Notice of Interlocutory Appeal in this matter on November 4, 2015. *See* Dkt. # 20. On March 16, 2016, the Fifth Circuit Court of Appeals dismissed

1

The court has made a *de novo* review of the objections raised by Defendant and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge that the case should be remanded.

A court must ensure there is subject matter jurisdiction over a removed action, and the court looks to the state court record to determine whether there is jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Magistrate Judge correctly found that Defendant failed to establish proper subject matter jurisdiction to remove Plaintiff's case.

To properly remove a state court action under Section 1443, the removal statute relied upon by Defendant Wright in this case, the removing party must show that both "(1) the right allegedly denied him arises under a federal law providing for a specific right to *racial equality*; and (2) that he is being denied or cannot enforce the specified right in the state courts due to some formal expression of law." *Muhammad v. Muhammad*, 78 Fed. App'x 942, 943 (5th Cir. 2003) (citing *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)) (emphasis added).

The court agrees with the Magistrate Judge that Defendant has not shown how removal was proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removed proceeding is a family law matter between two Texas parties involving child custody and child support. Defendant argues that the state violated his civil rights when it awarded rights over the minor child on the basis of blatant gender discrimination, violating equal protection of the law and equal privileges and immunities and that the state court repeatedly violated his most basic due

---

Defendant's appeal for lack of jurisdiction. *See* Dkt. # 26.

process rights in the administration of the underlying case.

This does not warrant removal under Section 1443. *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983); *Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. 2003) (per curiam) (unpublished) (quoting *Johnson*, 421 U.S. at 219); *Goetz v. Craig & Heallen LLP*, 2007 WL 836916, at *1 (S.D. Tex. 2007) (complaints of general violations of due process rights by the state court fail to satisfy the applicable standard of racial equality under 28 U.S.C. § 1443). "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court ...." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28, 86 S. Ct. 1800, 16 L. Ed.2d 944 (1966) (citations omitted). The Magistrate Judge correctly found that Defendant has not satisfied the first prong for removal under Section 1443.

As to any objections by Defendant Wright regarding the style of the case, they are overruled. The parties in a state court action are not realigned upon removal, Defendant Wright is the named Defendant in the underlying state court action, and the Magistrate Judge correctly found that Defendant Wright shall remain the Defendant unless the parties are ordered realligned by the court.

As to the Magistrate Judge's recommendation that no fees be awarded, no party has objected.

For these reasons, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court. There was no subject matter jurisdiction upon which to base removal, and remand is appropriate.

Therefore, Plaintiff's Motion to Remand (Dkt. # 17) is GRANTED in part and DENIED in part, this case is hereby REMANDED to the Sixth Judicial District Court of Lamar County, Texas and Plaintiff's request for an award of fees is denied.

So **ORDERED** and **SIGNED** this 1   day of **June, 2016.**

_____
Ron Clark, United States District Judge